## Case No. 2,685.

### CHINN v. HAMILTON.

[Hempst. 438.] [1]

Circuit Court, D. Arkansas. July, 1841.

ACTION ON PROMISSORY NOTE—PLEADING—INTEREST—SPLITTING UP CAUSE OF ACTION—MERGER OF CAUSE OF ACTION IN JUDGMENT.

1. Interest need not be demanded in the declaration, nor its payment negatived in the breach.

2. The uniform practice is to declare for the debt alone, and interest is recoverable as damages.

3. Interest payable by the stipulation of the parties before the contract falls due, is a part of the contract, and the effect of a failure to demand and negative its payment, is that the plaintiff can only recover the debt and interest from the maturity of the note.

4. On a contract containing various undertakings, the plaintiff complaining of the breach of one, thereby waives any right as to the others.

5. A plaintiff is not allowed to split up various covenants or promises contained in one contract, and sue upon them separately, but he can have but one recovery, and the contract becomes merged in the judgment of the court.

[At law. Action by Richard H. Chinn against Robert Hamilton, executor of Samuel P. Carson, deceased.]

A. Fowler, for plaintiff.
Albert Pike and D. J. Baldwin, for defendant.

JOHNSON, District Judge. This is an action of debt upon a promissory note by which the testator, Samuel P. Carson, acknowledged himself indebted to Brander, McKenna & Wright, in the sum of $3,919.53, to be paid one day after the date thereof, with interest thereon at the rate of 10 per cent. per annum, from the date thereof until final payment, for value received, which promissory note has been assigned by Brander, McKenna & Wright to the plaintiff. In his declaration the plaintiff demands the sum of $3,919.53, and assigns as a breach the nonpayment of the said sum of $3,919.53, or any part thereof, and makes no averment in relation to the interest, and concludes the breach in these words: "To the damage of the plaintiff two thousand dollars." The defendant has filed a general demurrer to the

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Samuel H. Hempstead, Esq.]

declaration, and insists that it is substantially defective in omitting to aver the non-payment of the interest, as well as the failure to pay the original debt; and this is the only question presented by the demurrer.

In actions upon obligations, or promissory notes for the payment of money, containing no stipulation in regard to interest, it has not been deemed necessary to demand in the declaration the interest that may be due, nor to negative its payment in the assignment of breaches. The uniform and settled practice is to declare for the debt alone, and interest is recovered as damages for its detention. Upon a failure to pay money at the time it becomes due, the creditor is justly and legally entitled to be remunerated by the debtor, the damages he has sustained by the fault of the debtor. The law has declared the amount of these damages, and fixed them at the rate of six per cent. per annum, and allowed the parties to the contract to vary this rate, so that in no case shall it exceed the rate of ten per cent. per annum upon the amount loaned or withheld. In lieu of the damages which the creditor would be entitled to recover for the unjust detention of the debt the law has given interest; and although the law denominates it interest, it is in fact the damages which the creditor has sustained. He is, therefore, always allowed to recover the interest due at the rendition of the judgment, as damages for the detention of the debt. But in cases where the parties stipulate in the contract for the payment of interest, before the debt falls due, the interest cannot be regarded in the light of damages, but constitutes a part of the contract itself. The interest in this case accrues by the stipulations of the contract, and not as a legal consequence of its breach. It cannot be in the nature of damages, for it arises before any infraction of the contract or failure to perform it.

In the case at bar the plaintiff in his declaration has demanded the original debt alone, and damages for its detention. Is the declaration defective in omitting to claim the interest due him by the contract before the debt itself became due? I think not; the promise to pay the debt, and the promise to pay interest from the date of the contract, are two separate and distinct promises or undertakings,—one may be performed without performing the other. In declaring upon a covenant or a parol contract in writing containing various undertakings, the plaintiff has his election to complain of the breach of one or of all of the covenants or promises. If he complains of the breach or non-performance of one only of the covenants or promises, he thereby admits that the others have been performed. The intendment is to be made most strongly against the pleader, and as he complains of the breach of only one of the covenants or obligations, the presumption arises that the others have been performed. It at all events waives any right

of action upon them; for, having sued upon the contract once, he is for ever barred from suing again. It will not be allowed to split up the various covenants or promises contained in one contract, and sue upon each of them; he can have but one recovery upon one contract, which then becomes merged in the judgment of the court.

If the foregoing remarks are well founded, the declaration is not defective. Can the plaintiff in this case recover interest after the debt became due; and if he can, at what rate? He is entitled to recover interest, as damages for the detention of the money after it became due, and where the contract is silent the law fixes the rate at six per cent. per annum; but when the contract fixes the rate not exceeding ten per cent. the law declares that to be the rate. In this case the contract is set out in the declaration and fixes the rate of interest at ten per cent. per annum, consequently the plaintiff is entitled to recover interest at the rate of ten per cent. per annum. The fact that the parties have agreed upon the rate of interest, does not change the nature of interest after the debt becomes due, but it is still justly regarded in the nature of damages for the failure to pay at the time stipulated by the parties. Demurrer overruled.